**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4384**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

         versus

RONALD RAY CROWDER,

                                        Defendant - Appellant.

———————————

**No. 07-4385**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

         versus

ORAGAIL CROWDER,

                                        Defendant - Appellant.

———————————

Appeals from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:05-cr-00886-RBH-1; 4:05-cr-00886-RBH-2)

———————————

Submitted:  October 24, 2007        Decided:  November 19, 2007

———————————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

William F. Nettles, IV, Aileen Clare, Assistant Federal Public Defenders, Florence, South Carolina; Ray Coit Yarborough, Florence, South Carolina, for Appellants. William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Ray Crowder and his wife, Oragail Crowder, pled guilty to a single count of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344, 2 (2000). They were sentenced to 46 months and 37 months of imprisonment, respectively. On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which they state there are no meritorious issues for appeal, but question whether the district court fully complied with Fed. R. Crim. P. 11 in accepting the Crowders' guilty pleas and whether their sentences are reasonable. With respect to the sentences, specifically, the Crowders maintain that the district court erred in denying their motions for a downward departure and/or variance sentence.

Because the Crowders did not move in the district court to withdraw their guilty pleas, their challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Our review of the record leads us to conclude that the district court fully complied with the mandate of Rule 11 in accepting the Crowders' guilty pleas.

At the sentencing hearing, the Crowders acknowledged that the Guidelines range was properly calculated. The district court explicitly treated the Guidelines as advisory, and sentenced the

- 3 -

Crowders after considering the Guidelines range, the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors, and counsel's arguments. Thus, we conclude that the Crowders' sentences, which are within the statutory maximum and the Guidelines range, are reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).

In accordance with Anders, we have reviewed the entire record in this case and the issues raised in the pro se supplemental brief and have found no meritorious issues for appeal. Accordingly, we affirm the judgments of the district court. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the clients request that a petition be filed, but counsel believe that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the clients. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED